UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE GUERRERO LOZANO, JR.,

    Plaintiff,

v.                           Case No.:  2:23-cv-354-SPC-NPM

KEVIN RAMBOSK, ZINIA
RODRIGUEZ and COLLIER
COUNTY SHERIFF'S
DEPARTMENT,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are Defendant Kevin Rambosk's Motion to Dismiss (Doc. 49) and Jose Guerrero Lozano, Jr.'s Motion for Leave to Amend 1983 Civil Rights Complaint (Doc. 57).  Lozano is a prisoner of the Florida Department of Corrections, and he was previously imprisoned in the Collier County Jail.  He filed this action against Collier County Sheriff Kevin Rambosk and nurse Zinia Rodriguez under 42 U.S.C. § 1983 and the Americans with Disabilities Act.  Only Rambosk has been served with process.

Lozano's Third Amended Complaint is currently the operative pleading.  In it, Lozano alleges he told Collier County Jail staff he had a handicap that made him a fall risk, and he requested accommodations.  None were provided.  Lozano fell in the shower, injuring his shoulder, knee, and back.  Lozano

underwent surgery on his shoulder and knee, and he is in a wheelchair because of the back injury. In his Motion to Dismiss, Rambosk argues Lozano failed to state a claim against him because—among other deficiencies—Lozano did not allege Rambosk personally participated in the alleged deprivation.

Indeed, "to hold a supervisor liable a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Keith v. Dekalb Cnty., Ga.*, 749 F. 3d 1034, 1047-48 (11th Cir. 2014). Lozano's Third Amended Complaint does not clearly allege any facts to establish causation between Rambosk's conduct and Lozano's injury. The same can be said about the other original defendant, Zinia Rodriguez. While earlier versions of Lozano's complaint created a reasonable inference that Lozano informed Rodriguez of his need for accommodations, the Third Amended Complaint does not.

In an apparent attempt to cure the pleading deficiency identified in Rambosk's Motion to Dismiss, Lozano seeks to amend his complaint again. The proposed fourth amended complaint alleges a medical technician identified at Jane Doe conducted the initial interview/evaluation of Lozano when he arrived at the jail. Lozano claims he told Doe that he has an equilibrium disorder and was a fall risk, and that she responded to his request for accommodations by stating, "I'm not here to address your personal needs or

concerns, that is not my department. I suggest that you file a grievance. I cannot help you." (Doc. 57-1 at 2).

The Court will grant Lozano's motion to amend and accept his Proposed Fourth Amended Complaint (Doc. 57-1) as the operative pleading. The amendment is a material change to the allegations underlying this action. It is now clear that Doe is the person Lozano allegedly notified of his disability, and who his previous complaints referred to as "nurse" or "jail staff." The new complaint makes no allegations about Rambosk or Rodriguez, so it clearly fails to state a claim against them. The Court finds Lozano has abandoned his claims against Rambosk and Rodriguez, so the Court will dismiss them.

This case will proceed against Defendant Jane Doe. Lozano can learn Doe's name and service address with a third-party subpoena directed to the Collier County Sheriff's Office. *See* Fed. R. Civ. P. 45(a)(3). The Court will direct the clerk to issue a subpoena to Lozano in accordance with Rule 45(a)(3). Lozano shall complete the subpoena and return it to the Court for service.

Accordingly, it is now

**ORDERED:**

(1) Jose Guerrero Lozano, Jr.'s Motion for Leave to Amend 1983 Civil Rights Complaint (Doc. 57) is **GRANTED**. The clerk **shall** docket Doc. 57-1 as Lozano's Fourth Amended Complaint.

3

(2) Lozano's claims against Defendants Kevin Rambosk and Zinia Rodriguez are **DISMISSED**. The Clerk is **directed** to terminate them as parties to this case. Rambosk's Motion to Dismiss (Doc. 49) is **DENIED as moot**.

(3) The Clerk **shall** issue a subpoena to Lozano, signed but otherwise in blank. Lozano **shall** complete the subpoena and return it to the Clerk for service. Upon receipt of a completed subpoena, the Clerk **shall** deliver it to the appropriate party by USPS certified mail.

**DONE** and **ORDERED** in Fort Myers, Florida on November 26, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record